IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN D. INGRAM,        )
                           )
          Plaintiff,       )
                           )
     v.                    )
                           )  Civil Action No. 08-8J
MICHAEL J. ASTRUE,         )
COMMISSIONER OF            )
SOCIAL SECURITY,           )
                           )
          Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 1st day of September, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed applications for DIB and supplemental security income ("SSI") on February 25, 2000, alleging disability as of June 5, 1999, due to swelling and pain in her arms and legs. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 8, 2001. On March 12, 2001, the ALJ issued a decision finding that plaintiff was not disabled (the "March 2001 decision"). On May 11, 2001, plaintiff requested review of the March 2001 decision by the Appeals Council.

While the March 2001 decision was pending review by the Appeals Council, plaintiff again applied for DIB and SSI on February 6, 2002, alleging disability beginning June 5, 1999. Based on the February 2002 application, plaintiff was found disabled effective February 1, 2002. However, plaintiff only was eligible for SSI benefits because her date last insured for DIB purposes was September 30, 2001.

Subsequently, in October 2006, when plaintiff's counsel inquired with the Appeals Council concerning the status of its

%AO 72
(Rev. 8/82)

review of the March 2001 decision, it was discovered that the Appeals Council never received plaintiff's request for review of that decision. (R. 49). Thereafter, on March 23, 2007, the Appeals Council issued a decision affirming the finding that plaintiff was disabled for SSI purposes as of February 1, 2002, and remanding the March 2001 decision to the ALJ with instructions to determine whether plaintiff was disabled at any time prior to February 1, 2002, for DIB purposes. (R. 49-51).

Pursuant to the Appeals Council's remand order, the ALJ held a hearing on July 13, 2007. Subsequently, on August 9, 2007, the ALJ issued a decision finding that plaintiff was not disabled prior to February 1, 2002. On November 23, 2007, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed. At issue is whether plaintiff was disabled for DIB purposes at any time between her alleged onset date of June 5, 1999, until September 30, 2001, which was the date she last was insured for DIB (collectively referred to as the "relevant period").

Plaintiff was 54 years old as of the date she last was insured and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a ninth grade education. She has past relevant work experience as a nurse's aide, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant period. The ALJ found that plaintiff suffered from the severe impairments of obesity, lumbar disc disease, osteoarthritis of the knees, degenerative joint disease of the left shoulder, hypertension and peripheral vascular disease. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that during the relevant period plaintiff retained the residual functional capacity to perform a range of light work which allowed her to use a cane when walking and standing (the "RFC Finding"). Based upon testimony by a vocational expert at the hearing, the ALJ concluded that plaintiff could not perform her past work, but her vocational factors and residual functional capacity permitted her to make an adjustment to other work that exists in significant numbers in the national economy, such as a hostess, desk attendant and gate security guard. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of

at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §404.1520(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience

and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers her ability to meet the physical, mental and other sensory requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he incorrectly assessed her residual functional capacity by concluding that she could perform a range of light work during the relevant period. Plaintiff contends that, at best, she could perform only sedentary work based on a consultative examination performed by Dr. Muge Cummings on May 5, 2000. Dr. Cummings summarized his examination findings in a written report, (R. 248-51), and also completed a check-the-box form on which he indicated that plaintiff could frequently lift and carry no more than ten pounds and stand and walk for one hour in an eight hour work day. (R. 255). Plaintiff relies on Dr. Cummings' assessment on the check-the-box form to support her argument that she only was capable of sedentary work during the relevant period, instead of light work as determined by the ALJ.

As observed by the ALJ in his decision, Dr. Cummings' assessment of plaintiff's capabilities on the check-the-box form appears to be based on plaintiff's subjective allegations. The form required Dr. Cummings to place a checkmark next to a box corresponding to his rating of plaintiff's ability to lift, carry,

- 6 -

stand, walk, sit, push and pull, and also required him to list the medical findings that supported his assessment. For each category, Dr. Cummings wrote "according to history" to support his rating and did not supply any further explanation. (R. 255). To the extent the "history" relied upon by Dr. Cummings was based on plaintiff's subjective allegations, the ALJ found that her allegations of totally disabling limitations were not entirely credible, (R. 18-20, 22), a finding which plaintiff has not disputed on appeal to this court.

In addition, as the ALJ also noted, Dr. Cummings' restrictive assessment of plaintiff's capabilities on the check-the-box form was inconsistent with his own written report and other medical evidence in the record. Dr. Cummings stated in his written report that plaintiff's upper and lower extremities were negative for sensory or motor loss, that her gait and station were within normal limits, and her coordination was good. (R. 251). Dr. Cummings' written report did not otherwise contain information that supported or explained his restrictive assessment of plaintiff's physical capabilities on the check-the-box form. (R. 248-51).

Further, Dr. Trevor Yardley, an orthopaedic surgeon who examined plaintiff in connection with her complaints of back, arm and leg pain, reported that plaintiff's walking was satisfactory, her reflexes, motor power and sensation were intact, and her hip and knee movements were good. (R. 284-85). Dr. Yardley stated that plaintiff's MRI showed left lateral recess stenosis and

minimal foraminal stenosis at L3-4 and L4-5, but he did not note any disc herniation. (R. 274, 284). Dr. Yardley concluded that plaintiff suffered from degenerative joint disease of the right knee and mechanical back pain, but he did not place any restrictions on plaintiff's physical capabilities, such as her ability to lift, carry, walk or stand. (R. 285). As correctly observed by the ALJ, plaintiff did not require aggressive treatment or surgery for her leg or back problems. (R. 21). Instead, Dr. Yardley decided to treat plaintiff with physical therapy and medication. (R. 285). For these reasons, as well as those stated above, the court finds that the ALJ's RFC Finding limiting plaintiff to light work that allowed her to use a cane when walking and standing adequately accommodated her functional limitations established by the evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff was not disabled within the meaning of the Act at any time during the relevant period. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 South Braddock Avenue
    Suite 570
    Pittsburgh, PA 15218

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901